Petitioner:

Christopher Beltram

FILED - USDC -NH
2023 APR 5 AM 10:31

United States District of New Hampshire Court

3 - 24 - ,2023

v.

Respondents:

New Hampshire Department of Corrections et al.

Petition for Verified Complaint for Damages and Injunctive Relief.

Now comes the petitioner, Christopher Beltram, by and through himself (Pro Se), pursuant to 18 U.S.C. § 241; 18 U.S.C. § 242; 42 U.S.C. 1983; 42 U.S.C. 1985; 42 U.S.C. 1986 to grant and order Injunctive Relief. The Petitioner, being an inmate of New Hampshire State Prison in Concord, New Hampshire Prisoner Identification Number 76208 alleges that this Honorable Court maintains Jurisdiction of this case. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution of the United States; Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1343(a)(3), in that this action seeks to redress deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States. Petitioner has identified Respondents as the parties directly responsible for violating Petitioner's constitutional rights of "Due Process," "Freedom from Cruel and Unusual Punishment," and "Equal Protection" pursuant to the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. The Petitioner asserts that Respondents' current behavior and continued acts of retaliation and deprivation of these liberties subjects Petitioner to particular conditions of confinement which violate "Due Process" and "Equal Protection" and of which constitute "Cruel and Unusual Punishment" all of which violates rights secured to the Petitioner by the United States Constitution. The Petitioner has been conscientious to follow the "chain of command" of prison officials and the Petitioner alleges to have attempted to exhaust

all Administrative Remedies available at each level of the "Chain of Command." Petitioner has been ineligible to pursue certain avenues of Administrative Remedy due to the very real fear of Administrative retaliation and acts of misprision and misconduct directed at Petitioner, Petitioner's wife, and Petitioner's young children being increased in severity, duration, and quantity of acts. Petitioner alleges the following in support of claim:

1) Retaliatory in-state prison location transfer resulting in forced loss of property and privileges associated with "Hobby Craft" and visitation.

2) Multiple Retaliatory Disciplinary Reports; these Disciplinary Reports typically arise after visits and/or complaints made against NHDOC staff by Petitioner/Petitioner's Wife.

3) Prison officials abuse Pending Administrative Review (PAR) status and Classification Custody Level, to inflict punishment without due process, after Petitioner raised complaints against officers.

4) Prison Administration abuse of power and discretion by refusing to follow the policies of New Hampshire Code of Administrative Rules: Corrections (COR); New Hampshire Department of Corrections (NHDOC) Policies and Procedure Directives (PPD) in regards to reporting, responding to, and resolving complaints against officers; about officers' behaviors in official and unofficial capacities, as well as Administration condoning such behaviors through acquiescence, after having been notified; giving rise to Respondeat Superior.

5) Multiple instances of Prison officials abuse of power and discretion in regards to their personal interpretation of PPD governing visitor attire; personal interpretation of PPD governing visitor photos/picture-taking process, which are not applied uniformly to all, and instead, targeted use in instances against Petitioner's visitors.

6) Multiple instances of Prison Officials' abuse of power and discretion in regards to delaying visitation to decrease amount of visitation duration and/or outright cancellation of visitation without notice or justifiable cause which wastes Petitioner's family resources, without compensation.

7) Prison Officials making false official statements and violating NHDOC COR and PPD by changing information of official documents without authorization causing harm to Petitioner and Petitioner's visitors.

8) Multiple instances of Prison officials harassing petitioner and Petitioner's visitors during visitation, with intent to incite disruptive behavior in response to Prison officers' false allegations of policy violations, to "justify" visitation termination and disciplinary action in front of other visitors/civilians.

9) Multiple instances of Prison officials engaging in inappropriate conduct and use of language towards Petitioner's children. Prison officials have the audacity to use their position of authority to disrespect and insult Petitioner's children by making false statements to Petitioner's children to cause emotional harm and incite outbursts. Such statements include: "He (Petitioner) is not really your father."; "He (Petitioner) does not love you." Such statements result in heart-breaking emotional outbursts from the children in which the children begin crying as they plead for their father (Petitioner) to explain what exactly the Prison official means by "He isn't your father" or "He doesn't love you." When Petitioner attempts to hug and comfort Petitioners' children to calm and reassure the children that He is their father and does love them, Prison officials interfere by reprimanding and punishing Petitioner for violating visitation PPD by making unauthorized contact with visitors. (Prison officials have gone so far as to edit the relationship on record between Petitioner's self and children from "son" and "daughter" to "friend", which changes visitation restrictions and guidelines. See claim #7.)

10) Harassment and Sexual Harassment of Petitioner's visitors during Prison officers' "routine" searches and inspections for "security purposes" and "contraband introduction prevention" in which prison officials deliberately direct K9 units to "sniff" sensitive areas by very invasive means, literally by directing the K9 to place its snout/muzzle directly into visitors' private genitalia region. Prison officers have the audacity to make derogatory remarks and tease visitors about using their (visitor) secret "hidden pockets" to smuggle contraband into the facility.

11) Prison Administration threatening and beginning (according to staff) attempts at a retaliatory transfer of Petitioner to an out-of-state prison facility to solve Petitioner's "complaints."

12) Behavior of Prison Officials causing significant emotional distress and damage to the well-being of Petitioner and Petitioner's family, especially Petitioner's children. Behavior of Prison Officials is undermining the values and lessons of respect for authority that Petitioner has tried to instill in the children. The children must bear witness to corrupt and inappropriate behaviors of officers using their position of authority under color of law to perpetrate violations of policies and law with amnesty. Petitioner fears what ramifications will arise in the future in regards to the children and the manifest behaviors they are learning from the officers' examples.

## Relief Requested

Petitioner requests this Honorable Court discharge its duty to protect Constitutional Rights and dispatch justice in granting Petitioner relief by Court Order directing the NHDOC et al to cease and

desist from the actions and behaviors constituting the above claims, and:

1) Reprimand and hold accountable all NHDOC Prison officers and Administration officials reportedly involved, or aware of, in the actions in the above claims.

2) Require all NHDOC Prison officers and Administration officials reportedly involved or aware of the actions in the above claims provide formal written apology to the Petitioner and Petitioner's family.

3) Prevent Prison Administration from completing a retaliatory prisoner transfer out-of-state.

4) Require NHDOC to provide monetary compensation for damages and expenses.

5) Require NHDOC to establish fund to cover expenses for Petitioner, Petitioner's wife, Petitioner's children to receive professional assessment and professional counselling to cope with and overcome the distress and damages incurred when government employees, under color of law, use their position of authority to exact personal vendetta.

6) Bring forth the maximum penalties and fines against the NHDOC et al in the interest of justice and to serve as an example to discourage others from participating in the same or similiar behavior; because if the roles were reversed, the NHDOC would demand the maximum punishment be levied against the Petitioner; this Honorable Court, in the interest of justice, would feel obligated to dispense such a verdict.

The Petitioner maintains possession of all evidence Petitioner could gather in support of the above claims before Respondents began to refuse to cooperate. Please notify the Petitioner if it is necessary to file supplemental motion including said evidence in order to support the intent to state a claim. The Petitioner requests that this Honorable Court liberally construe this Pro Se pleading when determining whether a cause of action has been stated. The Petitioner, being untrained in law or legal proceedings; not a licensed or certified legal paraprofessional or a member of the BAR Association; and not economically able by oneself

to hire a professional litigant prays this Honorable Court furnish counsel to represent Petitioner in the interests of justice, if applicable, pursuant to 18 U.S.C. § 3006(a)(2)(B)(2012). Petitioner requests this Honorable Court construe this Petition as a motion to enforce or as a Plain Vanilla Equity suit if 42 U.S.C. § 1983 is inappropriate to raise a claim of Petitioner. The Petitioner swears under Double Penalty of Perjury that all information provided herein is the truth, the whole truth, and nothing but the truth.

Date: 3-24-23

Christopher Beltram

New Hampshire State Prison
P.O. Box 14
Concord NH 03302

[Notary Seal: MARIANN DESCOTEAU, STATE OF NEW HAMPSHIRE, NOTARY PUBLIC, MY COMMISSION EXPIRES DECEMBER 22, 2026]

3/24/23

Chris Belton
P.O Box 14
Concord, N.H 03302

Legal Mail

"Mailed from the NH State Prison. Contents have not been evaluated. Not Responsible for content/substance."

U.S. District of New Hampshire
55 Pleasant St #110
Concord N.H 03301

BOSTON MA 020
1 APR 2023 PM 6 L