**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher Beltran

      v.                                             Civil No. 23-cv-223-JL-AJ

New Hampshire Department of Corrections, et al.

## REPORT AND RECOMMENDATION

Self-represented plaintiff Christopher Beltran, who is incarcerated at the New Hampshire State Prison filed a motion (Doc. No. 9) asking the court to direct the New Hampshire Department of Corrections ("DOC") to return his legal materials which, he alleges, were stolen from him by unidentified DOC officials.  The court construes the motion to seek preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.  As such, the motion is before the undersigned magistrate judge for consideration and a Report and Recommendation ("R&R") as to disposition.

To succeed in a motion seeking preliminary injunctive relief, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips is his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The elements of likelihood of success on the merits and irreparable harm weigh heavily in the analysis, and are assessed in tandem. See id.  The burden of proof on all four preliminary injunction factors lays with the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). Additionally, the movant must "'establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"  Polansky v. Wrenn, No. 12-

cv-105-PB, 2013 U.S. Dist. LEXIS 38617, at *15, 2013 WL 1165158, at *5 (D.N.H. Feb. 22, 2013) (citation omitted), R&R adopted sub nom., Polansky v. NH Dep't of Corr., No. 12-cv-105-PB, 2013 U.S. Dist. LEXIS 38608, 2013 WL 1155429 (D.N.H. Mar. 19, 2013). If the request for injunctive relief is not related to the claims asserted in an action, the court does not have the authority to issue the requested injunction.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Mr. Beltran's motion for injunctive relief asserts that he is being denied legal materials he needs to litigate this case.  A claim that a prisoner is being denied the means necessary to litigate a civil action challenging the conditions of his confinement arises under the First Amendment right to access the courts.  Mr. Beltran has not asserted a claim in his complaint this action alleging that he has been denied access to the courts.  Mr. Beltran has therefore failed to establish the requisite connection between the underlying claims in this case and the injunctive relief requested in the instant motion for injunctive relief.

For the foregoing reasons, the district judge should deny Mr. Beltran's motion (Doc. No. 9) seeking preliminary injunctive relief, without prejudice to his ability to seek such relief in this case if he amends his complaint to add a cognizable access to the courts claim, or in a separate action asserting such a claim.  Any objections to this R&R must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-

2

Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).


Andrea K. Johnstone
United States Magistrate Judge

March 6, 2026

cc:   Christopher M. Beltran, pro se